IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:        4:11cr45/RH/GRJ
                                                            4:18cv192/RH/GRJ
FREDRICK BERNARD WILLIAMS
     Reg. No. 21106-017

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Petitioner Fredrick Williams'

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody and supporting memorandum of law.

(ECF No. 360.)   Rule 4(b) of the Rules Governing Section 2255

Proceedings provides in part that "[i]f it plainly appears from the face of the

motion and any attached exhibits and the record of prior proceedings that

the moving party is not entitled to relief, the judge must dismiss the motion

and direct the clerk to notify the moving party."    After a review of the

record, the Court concludes that the motion is untimely and that it should

be summarily dismissed.

## BACKGROUND AND ANALYSIS

Fredrick Williams was the leader of a credit card conspiracy though which conspirators fraudulently purchased credit card numbers and used these numbers to purchase legitimate gift cards, which were then re-sold. (ECF No. 200.)   The loss amount was determined to be well in excess of $3,000,000.   (ECF No. 200, PSR ¶ 28.)   Williams and six others were charged with conspiracy to defraud the United States, and knowing use of counterfeit access devices with intent to defraud.   (ECF No. 1.)   Williams alone was also charged with possession of unauthorized access devices, possession of device-making equipment, and unlawful possession of the identification of another person during and in relation to another felony. (ECF No.1.)

Petitioner pleaded guilty as charged, and on March 29, 2012 the court sentenced him to a total term of 259 months imprisonment.   (ECF Nos. 133-35, 226, 227.)   He appealed, but later moved to dismiss the appeal.   On June 11, 2012, the Eleventh Circuit Court of Appeals granted his voluntary motion to dismiss his appeal with prejudice.   (ECF No. 293.) The clerk received Petitioner's motion to vacate more than five years later on April 9, 2018.   In the motion, Petitioner claims that his plea was not

Case Nos. 4:11cr45/RH/GRJ; 4:18cv192/RH/GRJ

knowing, voluntary or intelligent, that counsel provided constitutionally

deficient advice because counsel misunderstood the law and advised

Petitioner to plead guilty to a charge that "did not happen," and that counsel

was constitutionally ineffective on appeal.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the

filing of motions under this section. The one-year period of time runs from

the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution
> or laws of the United States is removed, if the petitioner was
> prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255.   Williams filed his motion more than five years after the

Eleventh Circuit issued its mandate on his appeal.   Therefore, it is facially

untimely.   In response to the question on the complaint form regarding the

timeliness of the motion, he claims that his motion "is authorized by the

Supreme Court in *Buck v. Davis*, [137 S. Ct. 759] (2017) and *Treveino v.*

Case Nos. 4:11cr45/RH/GRJ; 4:18cv192/RH/GRJ

*Thaler*, [569 U.S. 1911] (2013)."   (ECF No. 360 at 13).   Neither case

provides authority to extend the period for filing a § 2255 motion in this

case, and even if it did, Petitioner filed his motion more than one year after

the Supreme Court's February, 2017 decision in *Buck*.

Petitioner also assets that the prohibition on a litigant raising an

ineffective assistance of counsel claim on appeal serves as cause for his

procedural default and his motion must be considered timely.   (ECF No.

360 at 10.)   This position has no basis in law.   Therefore, unless

Petitioner establishes his entitlement to equitable tolling, his motion is time

barred.   *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002)

(citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).

Equitable tolling is appropriate when a § 2255 motion is untimely

because of "extraordinary circumstances that are both beyond [the

defendant's] control and unavoidable even with diligence."   *Johnson v.

United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of

Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177

F.3d 1269, 1271 (11th Cir. 1999)).   Otherwise stated, "a litigant seeking

equitable tolling bears the burden of establishing two elements: (1) that he

has been pursuing his rights diligently, and (2) that some extraordinary

Case Nos. 4:11cr45/RH/GRJ; 4:18cv192/RH/GRJ

circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).   It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew,* 297 F.3d at 1286).   The onus is on the moving defendant to show that he is entitled to this extraordinary relief.   *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.   The court will not relieve a petitioner who has sat upon his rights.   *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).   There is nothing in the instant motion to suggest that Petitioner is entitled to invoke the doctrine of equitable tolling, and his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of

Case Nos. 4:11cr45/RH/GRJ; 4:18cv192/RH/GRJ

appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (ECF No. 360) should be summarily **DENIED and DISMISSED** as untimely.

Case Nos. 4:11cr45/RH/GRJ; 4:18cv192/RH/GRJ

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of April, 2018.

*/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos. 4:11cr45/RH/GRJ; 4:18cv192/RH/GRJ